1   JAMES M. WAGSTAFFE (95535)
    wagstaffe@wvbrlaw.com
2   MICHAEL VON LOEWENFELDT (178665)
    mvl@wvbrlaw.com
3   FRANK BUSCH (258288)
    busch@wvbrlaw.com
4   **WAGSTAFFE, VON LOEWENFELDT,**
    **BUSCH & RADWICK LLP**
5   100 Pine Street, Suite 725
    San Francisco, CA 94111
6   Telephone: (415) 357-8900
    Fax: (415) 357-8910
7
8   JANET RUSHING (PRO HAC VICE)
    jrushing@greerherz.com
9   JOSEPH R. RUSSO, JR. (PRO HAC VICE)
    jrusso@greerherz.com
10  **GREER, HERZ & ADAMS LLP**
    2525 South Shore Blvd., Suite 203
11  League City, TX  77573
12  Attorneys for Defendant
    American National Insurance Company

    STEVEN G. SKLAVER (237612)
    ssklaver@susmangodfrey.com
    **SUSMAN GODFREY L.L.P.**
    1900 Avenue of the Stars, 14th Floor
    Los Angeles, CA 90067
    Telephone: (310) 789-3100
    Fax: (310) 789-3150

    Attorneys for Plaintiff
    Joe S. Yearby

13

14                 **UNITED STATES DISTRICT COURT**

15              **NORTHERN DISTRICT OF CALIFORNIA**

16                  **SAN FRANCISCO DIVISION**

17

18   JOE S. YEARBY, on behalf of himself and all      Case No. 3:20-cv-09222-EMC
     others similarly situated,
19                                                     **INITIAL JOINT CASE MANAGEMENT**
                                                       **STATEMENT**
20            Plaintiff,
                                                       Date: May 6, 2021
21   v.                                                Time: 9:30 a.m.
                                                       Location: Courtroom 5, 17th Floor
22   AMERICAN NATIONAL INSURANCE                       Judge: Honorable Edward M. Chen
     COMPANY,                                          Action Filed: December 18, 2020
23
24            Defendant.

25

26

27

28

Plaintiff Joe S. Yearby ("Plaintiff") and Defendant American National Insurance Company ("Defendant"), collectively ("the Parties") report that they held an initial meet-and-confer on April 14, 2021 to discuss the matters set forth herein, and thereafter prepared the following joint case management statement in compliance with the Standing Order For All Judges Of The Northern District Of California.

## I.   JURISDICTION AND SERVICE

The Parties state that they are aware of no parties remaining to be served.  As to jurisdiction and venue, the Parties state:

***Plaintiff's Position***:

The Court has personal jurisdiction over Defendant because it issued the policies in California, on policy forms that Defendant were required to submit for approval to and received approval from the California Department of Insurance before issuing the policies in California, insuring the lives of California residents at issuance, to California policyowners at issuance, and because Defendant purposefully served a market for its policies in California by using registered insurance agents to market and sell policies to California residents.  Defendant in fact has serviced approximately 1,500 active life insurance policies issued in California on Plaintiff's policy form or policy forms with materially the same language at issue in the proposed California COI Overcharge Class at issue in this case.  Plaintiff's First Amended Complaint (ECF No. 31 at ¶ 15) alleges these bases for personal jurisdiction.

Plaintiff's choice of venue in the Northern District of California is proper and should remain unchanged.  Plaintiff's policy was issued in Oakland, California.  Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)-(c) because the events giving rise to Plaintiff's cause of action occurred in this District and because ANICO transacts business and has transacted business during the relevant time period. within the Northern District of California.  In addition, a substantial part of the acts and omissions giving rise to the claims on behalf of the Class set forth herein, including ANICO's issuance of Plaintiff's California life insurance policy, occurred in this judicial district and/or in the San Francisco Division.  Plaintiff seeks to represent a California class of policyholders who all own policies issued in California.  The witnesses that ANICO identifies

JOINT CASE MANAGEMENT STATEMENT
8099574v1/017032

in its Motion to Transfer are mostly its own employees, whose convenience is given little weight when deciding whether to retain Plaintiff's venue. Plaintiff's position will be more fully set forth in its forthcoming Opposition to the Motion to Transfer, to be filed pursuant to the Court's Order on May 17, 2021.

***Defendant's Position***:

Defendant contends that the Court lacks personal jurisdiction over it as it is a corporation organized under the laws of Texas, with headquarters in Texas. Moreover, Plaintiff has not resided in California since 1995, and therefore no aspect of Defendant's relationship with Plaintiff has had any connection to California in over twenty-five years. Defendant's position on this matter is more fully set forth in its Motion to Dismiss (ECF No. 25), which was to be heard on July 1, 2021 until mooted by Plaintiff's amended complaint. Plaintiff's subsequent amended complaint only underscores the jurisdictional defect in this action, as Plaintiff now expressly limits his claims to a period of time in which he no longer resided in California and therefore none of the alleged acts or omissions by American National that Plaintiff claims harmed him had any connection to California whatsoever.

Defendant contends that the proper venue for further litigation of this matter is the Southern District of Texas, as that Court has personal jurisdiction over Defendant and is over one thousand, five hundred miles closer to Plaintiff's current residence, as well as the location of witnesses and evidence that would be relevant to any portion of this action that survives Defendants' Motion to Dismiss. 28 U.S.C. §§ 1404(a); 1631. Defendant's position on these matters is more fully set forth in both the Motion to Dismiss and its still-pending Motion to Transfer (ECF No. 26), which is set to be heard on July 1, 2021.

Defendant intends to move to dismiss Plaintiff's amended complaint, including on substantially the same jurisdiction and venue grounds asserted in ECF No. 25.

## II.    FACTS

***Plaintiff's Position***:

Plaintiff is a policyholder of a universal life insurance policy issued by Defendant. Plaintiff seeks to represent a class of injured American National policyholders who have been forced to pay

1   unlawful and excessive cost of insurance ("COI") charges by Defendant.  The life insurance

2   policies held by the California COI Overcharge Class state that COI rates will be determined

3   "based on the Company's expectations as to future mortality experience".  After issuance of a

4   policy, an insurer is required to periodically review the COI rates to confirm that they correctly

5   capture the insurer's projected mortality costs.  In the decades since the subject policies were

6   issued, mortality rates have improved, but Defendant has not reduced COI rates.  Plaintiff alleges

7   that Defendant breached its contracts with Plaintiff and the California COI Overcharge Class by

8   determining and deducting COI charges calculated using COI rates that were not based on

9   Defendant's revised, improved, annual expectations as to future mortality experience.  Plaintiff

10  alleges a single count of breach of contract and seeks compensatory damages as a result of these

11  overcharges.

12          Defendant's anticipated assertion of its affirmative defense of *res judicata* cannot be

13  resolved in its favor on a motion to dismiss, and is wrong on the merits.  Among other things, the

14  prior classwide settlement that it relies upon for its *res judicata* defense expressly provides that

15  "nothing in this Release shall be deemed to . . . release a Class Member's right to assert any claims

16  that arise from acts, facts, or circumstances arising exclusively after the end of the Class Period,"

17  which this action does. These and other issues will be addressed in more detail in briefing if

18  Defendant intends to re-raise its affirmative defense in a motion to dismiss to the First Amended

19  Complaint.  Defendant filed a Motion to Dismiss the original complaint, but that has since been

20  mooted by the filing of the First Amended Complaint as a matter of course under Rule 15.

21          ***Defendant's Position***:

22          Defendant has identified and provided the Court with a copy of the insurance policy

23  issued to Plaintiff in 1986.  ECF No. 27 at 8.  It has also provided the Court with a copy of its

24  prior classwide settlement regarding a group of policies including Plaintiff's.  *Id.*at pp. 79-131

25  (agreement); 165-75 (final order approving settlement).  As set forth in Defendant's Motion to

26  Dismiss, it believes that these facts are sufficient to permit the Court to dismiss this action as

27  barred under the doctrine of *res judicata*.  In the event that any portion of Plaintiff's claim

28  remains, Defendant will thereafter identify factual disputes regarding those surviving claims,

- 3 -                                    Case No. 3:20-cv-09222-EMC

8099574v1/017032

1    however it disputes Plaintiff's ultimate contention that it has improperly calculated Cost of

2    Insurance rates for its insured.

3        Although Plaintiff filed an amended complaint while Defendant's Motion to Dismiss was

4    pending Defendant intends to reassert the defenses identified above as a basis to dismiss the

5    amended pleading.

6    **III.    LEGAL ISSUES**

7        ***Plaintiff's Position***:

8        In addition to the disputed issues from Defendant's Motion to Transfer and forthcoming

9    Motion to Dismiss, below, Plaintiff anticipates the following disputed legal issues: (1) whether

10   there are common factual and legal issues that predominate over individualized issues sufficient

11   to certify a class under Federal Rule of Civil Procedure 23; and (2) whether Defendant's COI

12   charges violated the express terms of the policies.  In this District, Judge Breyer recently certified

13   a class action involving COI provisions as well for policies issued in California. *See Bally v. State*

14   *Farm Life Ins. Co.*, 335 F.R.D. 288 (N.D. Cal. 2020).

15       Defendant's statute of limitations affirmative defense is also meritless.   Defendant

16   advances an argument – that actions challenging new, monthly breaches of an in-force life

17   insurance policy are time barred if similar breaches also occurred more than four years ago – is

18   contrary to law and has been consistently rejected by courts in COI cases.  *See, e.g., Dean v. United*

19   *Omaha Life Ins.*, Case No. CV 05-6067, 2007 WL 7079558, at **9-11 (C.D. Cal. Aug. 27, 2007)

20   ("Dean's theory of her claim is that United has continuously violated the terms of the Policy by

21   including expenses in the COI charge on a monthly basis. . . . Dean has alleged that breaches

22   occurred each time United deducted COI charges that included expense loads, which it did on a

23   monthly basis. . . . Therefore, if Dean proves at trial that United breached the Policy within the

24   limitations period, any such breach or breaches will not be foreclosed by the statute of

25   limitations."); *Lee v. Allstate Life Ins. Co.*, 361 Ill. App. 3d 970, 978 (2005) ("Allstate ignores its

26   continuous duty to abide by the terms of its insurance policies. Because each breach of a

27   continuous duty has its own accrual date, a plaintiff may sue on any breach which occurred within

28   the limitation's period, even if earlier breaches occurred outside the limitation period.").  For

1    example, Defendant's mortality expectations improved in 2018, but Defendant's monthly COI

2    charges in 2018 were not adjusted downward based on those new expectations, and so Defendant

3    unlawfully deducted too much money from Plaintiff's account value every month in 2018.

4    Defendant's statute of limitations arguments ultimately rest on the illogical and unsupported

5    premise that a policyholder must sue within four years of policy issuance in order to challenge the

6    COI rates and charges that a universal life insurer might apply decades later in 2021 (which had

7    not yet been determined or charged) for not being properly based on the insurer's 2021 mortality

8    expectations (which did not yet exist).  The statute of limitations affirmative defense also wrongly

9    disputes, mischaracterizes, and ignores Plaintiff's allegations, the plain language of the policies,

10   Defendant's regulatory filings, and even the fundamental actuarial principles underlying why

11   flexible-premium life insurance policies exist and how they operate.  All of these issues will be

12   the subject to discovery, and can be decided on a full evidentiary record.  *See e.g., Bally v. State

13   Farm Life Ins. Co.*, Case No. 18-cv-04954-CRB, 2019 WL 3891149, at *3-4 (N.D. Cal. Aug. 19,

14   2019) (denying insurer's statute of limitations summary judgment motion in COI case).

15          Defendant's *res judicata* affirmative defense is also meritless for reasons explained above

16   and similar *res judicata* defenses have been rejected in other COI cases. *See, e.g., Feller v.

17   Transamerica Life Ins. Co.*, No. 2:16-cv-01378-CAS (AJWx), 2016 WL 6602561, at *5 (C.D. Cal.

18   Nov. 11, 2016) ("Plaintiffs would be left, under defendant's reading of the settlement, without

19   recourse for any number of intentional, unlawful acts so long as they could be construed as 'related

20   to" plaintiffs' policies. Further-more, defendant's reading of the release would, for all practical

21   purposes, void defendant's continuing obligation to honor its insurance policies' express terms by

22   barring any future actions relating to the [cost of insurance provision]. Accordingly, defendant's

23   interpretation would render it indefinite and potentially unlawful."); *In re Conseco Life Ins. Co.

24   Cost of Ins. Litig.*, No. ML 04-1610 AHM (MCx), 2005 WL 5678842, at *7 (C.D. Cal. Apr. 26,

25   2005) (denying preclusion argument in COI case, holding that "Plaintiffs' breach of contract

26   claims here are not based on the identical factual predicate as the [prior action's] claims and

27   involve actions by Defendants that first occurred years after the [prior] settlement and that

28   therefore could not have been asserted in the [prior] litigation").

8099574v1/017032

1

***Defendant's Position***:

2

    Based upon Defendants' present understanding of Plaintiffs' claims, Defendants have

3

presently identified three key legal issues.  ***First***, whether the Court has personal jurisdiction

4

over a claim by a Louisiana resident that a Texas insurer has overcharged him.  *Ford Motor Co.*

5

*v. Montana Eighth Judicial Dist. Court*, ___ S.Ct. ___; 2021 WL 1132515, *4 (Mar. 25, 2021);

6

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472–73 (1985).  ***Second***, whether Plaintiff's

7

claim to have been overcharged from 2010 to present is time-barred in whole or in part because

8

life insurance policies are not divisible contracts, Plaintiff received notice of identical claims in

9

the form of the prior class action settlement, and Plaintiff has alleged that his claims are based

10

upon information dating back more than four years.  *Brodsky v. Apple Inc.*, No. 19-CV-00712-

11

LHK, 2019 WL 4141936, at *11 (N.D. Cal. Aug. 30, 2019); *Lamont v. Time Warner, Inc.*, 586 F.

12

App'x 357 (9th Cir. 2014) (quoting *Glue–Fold, Inc. v. Slautterback Corp.*, 82 Cal. App. 4th

13

1018, 1022–23, 1029 (2000)); *Aryeh v. Canon Bus. Sols., Inc.*, 55 Cal. 4th 1185, 1192 (2013).

14

***Third***, whether Defendant's prior settlement of identical claims with a class that included

15

Plaintiff bars Plaintiff's claim.  *Glob. Indus. Inv. Ltd. v. Chung*, No. 19-CV-07670-LHK, 2020

16

WL 5355968, at *4 (N.D. Cal. Sept. 7, 2020); *Adams v. Wells Fargo Bank*, N.A., No. 13-CV-

17

05164-YGR, 2015 WL 1434599, at *2 (N.D. Cal. Mar. 30, 2015) (citing *Durkin v. Shea &*

18

*Gould*, 92 F.3d 1510, 1518 (9th Cir.1996)).

19

    Defendant does not presently have sufficient understanding of Plaintiff's claims on the

20

merits to set forth all relevant legal issues with any such claims that survive the Motion to

21

Dismiss.

22

**IV.   MOTIONS**

23

    There is currently one pending motion, scheduled to be heard on July 1, 2021 that has not

24

been fully briefed: Defendant's motion to transfer venue to the Southern District of Texas

25

pursuant to 28 U.S.C. § 1404.  Defendant previously moved to dismiss Plaintiff's complaint

26

pursuant to Rules 12(b)(2) and 12(b)(6), but that motion has been mooted by Plaintiff's filing of

27

an amended complaint.  Defendant intends to file a motion to dismiss the amended complaint on

28

substantially similar grounds.

The parties state that it is premature to identify additional motions that either may file in the future, unless it becomes necessary for Defendant to file a motion to stay discovery as set forth below.

## V.    AMENDMENT OF THE PLEADINGS

The Parties state that the pleadings are not yet settled and Defendant's answer is not presently due.  Defendant anticipates asserting appropriate defenses to the First Amended Complaint should an answer become necessary.

## VI.    EVIDENCE PRESERVATION

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

## VII.    DISCLOSURES

The Parties have not yet exchanged initial disclosures.

Plaintiff proposes that the parties exchange initial disclosures within three weeks of the parties' Rule 26(f) meeting, which would require the exchange to occur May 6, 2021.

## VIII.    DISCOVERY

***Plaintiff's Position***:

Plaintiff anticipates that discovery will be needed for insurance policies issued in California within the proposed California class regarding policy forms, names, codes, and terms, regulatory filings and submissions, pricing and redetermination memoranda, practices and procedures, COI rate tables, mortality tables, experience and tracking data, systems and studies, financial data (e.g., reserves, profit expectations and assumptions), currently payable and disciplined current scales, "actual recent historical experience" as used in Actuarial Standard of Practice No. 24, and policy-level time series details (e.g., debits and credits to account values, riders). Plaintiff has already served document discovery requests on Defendant related to its personal jurisdiction defenses.

Defendant's request to stay discovery due to the arguments raised in its motion to dismiss the original complaint, two of which related to affirmative defenses that are rarely even appropriate

JOINT CASE MANAGEMENT STATEMENT

for resolution adverse to the Plaintiff on a motion to dismiss, should be denied.  Courts do not automatically stay discovery when a potentially dispositive motion is pending.  *In re Google Digital Advertising Antitrust Litig.*, No. 20-cv-03556-BLF, 2020 WL 7227159, at *1 (N.D. Cal. Dec. 8, 2020).  Instead, a "party seeking a stay of discovery carries the heavy burden of making a 'strong showing' why discovery should be denied." *Smith v. Levine Leichtman Capital Partners, Inc.*, No. C 10-00010 JSW, 2011 WL 13153189, at *1 (N.D. Cal. Feb. 11, 2011).  Good cause "may exist when the district court is 'convinced that the plaintiff will be unable to state a claim for relief.'" *In re Google*, 2020 WL 7227159, at *1.

Plaintiff amended the complaint to further squarely address the statute of limitations affirmative defense, *res judicata* affirmative defense, and personal jurisdiction issues raised in the Motion to Dismiss the original complaint.  As a result, the current Motion to Dismiss is moot.  The possibility of another motion to dismiss the First Amended Complaint does not provide the "strong showing" required to stay discovery, and for all the reasons provided above, including the Court's rejection of the statute of limitations defense on summary judgment in the *Bally* COI action and the Court's rejection of the *res judicata* affirmative defense in the *TransAmerica* COI action, the stay request should be denied.

The factual issues raised by Defendant's personal jurisdiction argument also warrant discovery.  *See Orchid Biosciences, Inc. v. St. Louis Univ.*, 198 F.R.D. 670, 672–73 (S.D. Cal. 2001) ("It is clear that the question of whether to allow discovery is generally within the discretion of the trial judge.  However, where pertinent facts bearing on the question of jurisdiction are in dispute, discovery should be allowed.").  The extent of Defendant's contacts with California is disputed, especially in a case that only involves life insurance policies issued in California, and Plaintiff has requested jurisdictional discovery on the issue.

**Defendant's Position**:

Defendant's Motion to Dismiss set forth three reasons that this action should be dismissed in its entirety: the Court lacks personal jurisdiction, the action is time-barred, and the action is barred by the doctrine of res judicata.  As to Defendant's statute of limitations challenge, the Motion to Dismiss further demonstrates that Plaintiff is impermissibly seeking

1   damages that he claims to have incurred more than four years before the action was filed, despite

2   alleging only breach of contract.  None of Plaintiff's amendments to the Complaint adequately

3   address these defects, making clear that further leave to amend will be futile.  Until these matters

4   are resolved, the Parties cannot know what discovery, if any, is warranted by Plaintiffs' claims.

5   Where, as here, a dispositive motion is pending that would "be potentially dispositive of

6   the entire case," a stay of discovery is appropriate if "the pending motion can be decided absent

7   additional discovery." *Reveal Chat Holdco, Ltd. Liab. Co. v. Facebook, Inc.*, No. 20-cv-00363-

8   BLF, 2020 U.S. Dist. LEXIS 92828, at *5 (N.D. Cal. Apr. 10, 2020) (granting motion to stay

9   discovery while motion to dismiss is pending); *see Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir.

10   1987) ("Discovery is only appropriate where there are factual issues raised by a Rule 12(b)

11   motion.").  Indeed, not only would Defendant's motion to dismiss dispose of all causes of action,

12   its motion to transfer is considered dispositive for purposes of adopting a discovery stay.  *Yiren*

13   *Huang v. Futurewei Techs., Inc.*, No. 18-cv-00534-BLF, 2018 U.S. Dist. LEXIS 71429, at *7

14   (N.D. Cal. Apr. 27, 2018) ("While transferring this case to Texas will not result in a dismissal of

15   the claims, [Defendant's] request for transfer is dispositive in this forum").

16   In addition, staying discovery is often "the better course" where a motion to dismiss may

17   narrow the issues in the case.  *In re Graphics Processing Units Antitrust Litig.*, No. C 06-07417

18   WHA, 2007 U.S. Dist. LEXIS 57982, 2007 WL 2127577, at *5 (N.D. Cal. July 24, 2007).  Here,

19   the Motion to Dismiss handily meets this test through its alternative argument that Plaintiff's

20   present attempt to recover decades of damages must be limited to damages incurred far more

21   recently.

22   A discovery stay is appropriate to avoid wasted burden.  Moreover, the facts relevant to

23   personal jurisdiction are already before the Court, Defendant's statute of limitation defense arises

24   for the complaint itself, buttressed only by documents subject to judicial notice, and the

25   applicability of res judicata requires no additional discovery. Although Plaintiffs erroneously

26   claim that further discovery on jurisdiction is required, the issue that was—and will soon again

27   be—before the Court is whether this Court has personal jurisdiction over Plaintiff's individual

28   claims.  *Mussat v. IQVIA, Inc.*, 953 F.3d 441, 447 (7th Cir. 2020) ("the named representatives

- 9 -                                          Case No. 3:20-cv-09222-EMC

1    must be able to demonstrate either general or specific personal jurisdiction"); *Saleh v. Titan*

2    *Corp.*, 353 F. Supp. 2d 1087, 1091 (S.D. Cal. 2004) ("putative class members are not parties to

3    an action [**13] prior to class certification").  As Plaintiff does not—and cannot—suggest that a

4    Texas corporation is subject to general jurisdiction, discovery into American National's

5    unrelated business practices is irrelevant.  Nor are Plaintiffs entitled to speculative discovery.

6    *Mocha Mill, Inc. v. Port of Mokha, Inc.*, No. 18-cv-02539-HSG, 2019 U.S. Dist. LEXIS 35218,

7    at *20 (N.D. Cal. Mar. 5, 2019) ("courts need not allow jurisdictional discovery requests that

8    amount merely to a fishing expedition.") (cleaned up).

9         Here, the relevant jurisdictional facts are already in the record, so no discovery is

10   appropriate.  A policy was issued decades ago in Oakland.  Plaintiff thereafter moved several

11   times, ultimately settling in Louisiana.  At all times covered by the amended complaint, Plaintiff

12   has been a Louisiana resident who has paid for insurance provided by a Texas company.

13   Plaintiff does not, and cannot, suggest that any part of his relationship with American National

14   during the period of time at issue in the amended complaint has any relationship to California.

15   Thus, no jurisdictional discovery is necessary or appropriate.  *Pebble Beach Co. v. Caddy*, 453

16   F.3d 1151, 1160 (9th Cir. 2006) ([W]here a plaintiff's claim of personal jurisdiction appears to be

17   both attenuated and based on bare allegations in the face of specific denials made by the

18   defendants, the Court need not permit even limited discovery . . . .").

19        Finally, the requested stay should not cause significant delay, as Defendant's Motion to

20   Dismiss is due on May 7, 2021 and therefore could be heard less than three months after this

21   Case Management Conference.  Thus, Defendant requests that discovery be stayed until such

22   time as the pleadings are settled or the matter is transferred to the Southern District of Texas.  At

23   that time, should any claims remain, the Parties can readily meet and confer regarding the

24   relevance of any discovery requests to those claims.

25   **IX.   CLASS ACTIONS**

26        All attorneys of record for the Parties have reviewed the Procedural Guidance for Class

27   Action Settlements.  Plaintiff proposes that the class be certified under Rule 23(b)(3).  Plaintiff

28   brings this lawsuit on behalf of all persons who own or owned a universal life insurance policy

issued by Defendant in the State of California that were subjected to monthly COI deductions on or after January 1, 2010.  Plaintiff contends that his claim satisfies the numerosity, commonality, typicality, adequacy, and superiority requirements of Federal Rule of Civil Procedure 23(a), and the requirements for class treatment under Rule 23(b)(3).

Plaintiff's position is that its claim, which depends on the same controlling contract language contained in all of the standardized California policies, will be established through common evidence of Defendant's own conduct. Plaintiff contends that common evidence will prove that COI rates were not determined from time to time by Defendant based on its expectations as to future mortality experience.  Courts routinely certify class actions alleging breach of COI provisions of standardized life insurance policies. *See, e.g.*, *Vogt v. State Farm Ins. Co.* ("*State Farm COI*"), 963 F.3d 753, 764-70 (8th Cir. 2020) (affirming class certification, summary judgment, and jury verdict in single-state COI overcharge case with over 25,000 members); *ATLES v. Security Life of Denver Ins. Co.* ("*SLD COI*"), 2021 WL 62339, at *9 (D. Colo. Jan. 6, 2021) (appointing ATLES as class representative and certifying 44-state COI overcharge class even where "extrinsic evidence is likely needed to prove the meaning of the only remaining provision at issue . . . [b]ut any such extrinsic evidence will be common to the class as the policies at issue are form contracts"); *In re AXA Equitable Life Ins. Co. COI Litig.* ("*AXA COI*"), 2020 WL 4694172, at *6 (S.D.N.Y. Aug. 13, 2020) ("Based upon its independent review, the Court concludes that a nationwide Policy-Based Claims Class should be certified under Rule 23(b)(3)."); *Hanks v. Lincoln Life & Annuity Co. of New York* ("*Voya COI*"), 330 F.R.D. 374, 382 (S.D.N.Y. 2019) (certifying nationwide class in COI overcharge case where "[t]he contract language at issue does not vary by individual class member and is not materially different across the eighteen policies"); *Feller v. Transamerica Life Ins. Co.* ("*Transamerica COI*"), 2017 WL 6496803, at *13 (C.D. Cal. Dec. 11, 2017) (certifying nationwide COI breach of contract case because "Plaintiffs' claims are premised on Transamerica's uniform policy language and uniform conduct"); *Larson v. John Hancock Life Ins. Co.* ("*Hancock COI*"), 2017 WL 4284163, *10 (Cal. Super. 2017) (certifying nationwide class where policies required COI rates to be based on "expectations of future mortality experience"); *Lincoln Nat'l Life Ins. Co. v. Bezich* ("*Lincoln COI*"), 33 N.E.3d

1160, 1171 (Ind. Ct. App. 2015) (certifying thirty-state COI class action alleging breach of provision that rates "will be determined by the Company based upon expectations as to future mortality experience").[1]

Plaintiff intends to move for class certification after completing and receiving sufficient discovery, before March 1, 2022, assuming that Defendant substantially completes its document production by August 31, 2021 and on a rolling basis with specific milestones provided for below, for document requests served before May 31, 2021.

Defendant denies that class certification is appropriate, and anticipates that it will oppose any motion to certify a class ultimately brought by Plaintiff. While Defendant's dispositive motion, and motion to transfer, remain unresolved, however, Defendant is not in a position to fully identify the defects in Plaintiffs' anticipated class certification motion.

## X.   RELATED CASES

The Parties are not aware of any related cases or proceedings pending before another judge of this court, or before another court or administrative body.  For the avoidance of doubt, Defendant contends that this action is related to the previously-settled and closed action of *Albanoski v. American National Insurance Co.*, Case No. C06-02310-JF in the San Jose Division of the United States District Court in and for the Northern District of California.

## XI.   RELIEF

### *Plaintiff's Position*:

Plaintiff requests that the court: (1) declare this action to be a class action properly maintained pursuant to Rule 23 of the Federal Rules of Civil Procedure; (2) award Plaintiff and the class compensatory damages; and (3) award Plaintiff and the class pre-judgment and post-judgment interest, as well as costs and attorneys' fees, and any other relief the court determines just.

---

[1] The decision in *Lincoln COI* was automatically vacated when the Indiana Supreme Court granted Lincoln's petition to hear the case. The parties subsequently settled and jointly dismissed the Supreme Court appeal.

*Defendant's Position*:

Defendant has not filed any counterclaim in this action.  Defendant denies that Plaintiff is entitled to the requested relief.

## XII.    SETTLEMENT AND ADR

The Parties have reviewed the ADR Local Rules and discussed the ADR Multi-Option Program.  The Parties believe that private mediation is an appropriate method to settle this case, and intend to file a Stipulation And [Proposed] Order Selecting ADR Process concurrently with this statement.  The Parties have also agreed to meet-and-confer regarding selection of a specific private mediator and the information that must be exchanged to position the parties to negotiate a resolution.

## XIII.   CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

Plaintiffs previously filed a declination to proceed before a Magistrate Judge.  ECF No. 9.

## XIV.   OTHER REFERENCES

The case is not currently suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## XV.    NARROWING OF ISSUES

Other than Defendant's forthcoming Motion to Dismiss the First Amended Complaint, the Parties are not presently aware of issues that can be narrowed by agreement or by motion, or other matters related to this topic.  The Parties will continue to meet-and-confer on these subjects as litigation continues.

## XVI.   EXPEDITED TRIAL PROCEDURE

This is not the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A.

## XVII.  SCHEDULING

If Defendant's request to stay discovery is granted, no case schedule should be entered now.

If Defendant's request to stay discovery is denied, the Parties propose the following schedule:

8099574v1/017032

**Plaintiff's Position.**   Defendant has informed Plaintiff that Defendant estimates there approximately 1,500 active life insurance policies since 2016 at issue in Plaintiff's proposed California class action, but has not yet identified the number of policy forms or administrative systems at issue.  Plaintiff is amenable to allowing Defendant whatever time it reasonably contends is needed to collect and produce the relevant information, so long as Plaintiff has a fair opportunity to review the documents and data thereafter before the fact discovery period closes and expert reports and the class certification is due.

Due to counsel's experience in other COI class actions, the appropriate length of the discovery period often turns on Defendant's ability to timely produce documents. So that this case can be decided on the merits after an opportunity to conduct fair discovery, and to allow Plaintiff a fair opportunity to review and analyze Defendant's data, which can often be complex and voluminous, Plaintiff proposes that Defendant make the following productions on a rolling basis, which is a similar structure adopted by the Court in the *Protective COI* class action, *see Advance Trust & Life Escrow, LTA, et al. v. Protective Life Insurance Co.*, Case No. CV 18-1290-KOB (N.D. Ala.) (Dkt. 71) (stipulation of parties):

| | |
|---|---|
| Within 30 days of the CMC | Defendant will identify the marketing names and policy form numbers for the in-scope products, and a list that ties the marketing names to policy form numbers and plan codes |
| Within 60 days of the CMC | Defendant will produce copies of specimen policy forms for the policies owned by the named plaintiff identified in the First Amended Complaint, including these documents associated with the named plaintiff's policies: associated current COI tables, original pricing (and any re-pricing) memoranda, and mortality tables used during the proposed class period for asset liability management, cash flow testing, GAAP and statutory financial reporting, and any re-pricings, and a description of which table(s) map to which policy form(s), and any marketing materials. |
| Within 90 days of the CMC | Defendant will produce for in-scope policies a data extract sufficient to show through the applicable class period: the monthly computation of COI charges on a monthly basis, net amount of risk, the credited interest rate, whether the policy is in grace, lapsed, matured, or surrendered, the policy's unique identifier, any codes, explanations or justifications corresponding to each charge, |

8099574v1/017032

| | |
|---|---|
| | deduction, or credit to or from the account value, and additional fields to be negotiated between the parties within the next 30 days. |
| Within 120 days of the CMC | Defendant will produce copies of specimen policy forms of all in-scope policies, current COI tables, original pricing (and any re-pricing) memoranda, and mortality tables used during the proposed class period for asset liability management, cash flow testing, GAAP and statutory financial reporting, and any re-pricings, and a description of which table(s) map to which policy form(s), and any marketing materials.<br><br>By that same deadline, the parties will further meet and confer about whether the fact-discovery cut-off, will need adjustment or extension. |

| Event | Plaintiff's Proposal | Defendant's Proposal |
|---|---|---|
| Substantial Completion of the Production of All Documents for RFPs served before May 31, 2021 | August 31, 2021 (with rolling deadlines of specific categories of documents provided for above) | This depends upon RFPs that have not yet been served, and is not an appropriate schedule item. |
| Designation of Plaintiff Non-Certification Experts | 30 days after the fact discovery cut off (*i.e.*, May 2, 2022) | February 1, 2022 |
| Designation of Defendant Non-Certification Experts | 6 weeks after Plaintiff's expert designations (*i.e.*, June 13, 2022) | March 15, 2022 |
| Designation of Plaintiff's Non-Certification Rebuttal Experts | 4 weeks after Defendant's designations (*i.e.*, July 11, 2022) | April 15, 2022 |
| Discovery Cutoff | April 1, 2022 (fact discovery) August 1, 2022 (expert discovery) | April 29, 2022 |
| Hearing of Dispositive Motions | The later of 90 days after the Court's ruling on class certification or the designation of Plaintiffs' non-certification rebuttal experts | August 26, 2022 |
| Pretrial Conference | December 13, 2022 at 2:30 p.m. | December 13, 2022 at 2:30 p.m. |
| Trial | January 16, 2023 | January 16, 2023 |

The parties shall confer and submit to the Court by July 30, 2021 a proposed briefing schedule for any class certification motion and designation of experts and rebuttal experts to be used in support of such motion.

## XVIII. TRIAL

Plaintiff has requested trial by jury.  The Parties estimate 4-8 Court days will be required for trial.

## XIX.   DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Plaintiff filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15 on April 28, 2021.  ECF No. 32. Plaintiff has no interest to be certified.

Defendant filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15 on January 11, 2021.  ECF No. 13.

## XX.    PROFESSIONAL CONDUCT

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

## XXI.   OTHER MATTERS

Plaintiff contends that compliance with its proposed rolling production deadlines and concrete milestones provided for above may facilitate the just, speedy and inexpensive disposition of this matter at this time.

Defendant contends that deadlines for its responses to as-yet-unserved requests at a time when discovery should be stayed pending resolution of its dispositive motions would be inappropriate.  In the event any part of this action survives, Defendants will certainly comply with their obligation to participate in discovery, and have no objection to providing requested document production on a rolling basis in the event that proves efficient.

JOINT CASE MANAGEMENT STATEMENT
8099574v1/017032

1    DATED: April 29, 2021                    **WAGSTAFFE, VON LOEWENFELDT,**
2                                             **BUSCH & RADWICK LLP**

3                                     By   /s/ *Frank Busch*
4                                          FRANK BUSCH
                                           Attorneys for Defendant
5
                                           James M. Wagstaffe (95535)
6                                          Michael von Loewenfeldt (178665)
                                           Frank Busch (258288)
7                                          **WAGSTAFFE, VON LOEWENFELDT,**
                                           **BUSCH & RADWICK LLP**
8                                          100 Pine Street, Suite 725
9                                          San Francisco, CA 94111
                                           Telephone: (415) 357-8900
10                                         Fax: (415) 357-8910

11                                         Janet Rushing (Pro Hac Vice Pending)
12                                         Joseph R. Russo, Jr. (Pro Hac Vice Pending)
                                           **GREER, HERZ & ADAMS LLP**
13                                         2525 South Shore Blvd., Suite 203
                                           League City, TX  77573
14

15                                         /s/ *Steven G. Sklaver*
16                                         Steven G. Sklaver
                                           SUSMAN GODFREY L.L.P.
17                                         1900 Avenue of the Stars, 14th Floor
                                           Los Angeles, CA 90067
18                                         Telephone: (310) 789-3100
                                           Facsimile: (310) 789-3150
19                                         ssklaver@susmangodfrey.com

20                                         Seth Ard (*pro hac vice*)
                                           Ryan Kirkpatrick
21                                         SUSMAN GODFREY L.L.P.
                                           1301 Avenue of the Americas, 32nd Floor
22                                         New York, NY 10019
                                           Telephone: (212) 336-8330
23                                         Facsimile: (212) 336-8340
                                           sard@susmangodfrey.com
24                                         rkirkpatrick@susmangodfrey.com

25                                         *Attorneys for Plaintiff*

26

27

28

**FILER'S ATTESTATION OF CONCURRENCE**

I, Steven G. Sklaver, pursuant to Local Rule 5-1(i), attest that I am counsel for Plaintiff Joe S. Yearby.  As the ECF user and filer of this document, I attest that concurrence in the filing of this document has been obtained from its signatories.


Date:   April 29, 2021                 **SUSMAN GODFREY L.L.P.**

                                 By: */s/ Steven G. Sklaver*
                                    STEVEN G. SKLAVER

                                    Attorneys for Plaintiff
                                    JOE S. YEARBY

JOINT CASE MANAGEMENT STATEMENT
8099574v1/017032