Steven G. Sklaver (237612)
ssklaver@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, 14th Floor
Los Angeles, California 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150

Seth Ard (*pro hac vice*)
sard@susmangodfrey.com
Ryan Kirkpatrick (243824)
rkirkpatrick@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas, 32nd Floor
New York, New York 10019
Telephone: (212) 336-8330
Facsimile: (212) 336-8340

Kevin Downs (331993)
kdowns@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| JOE S. YEARBY, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN NATIONAL INSURANCE COMPANY,<br><br>Defendant. | Case No. 3:20-cv-09222-EMC<br><br>**[PROPOSED] PRELIMINARY APPROVAL ORDER** |

Before the Court is Plaintiff's unopposed motion to approve the proposed Settlement, plan of allocation, and the form and manner of notice, certify the proposed Class for settlement, direct notice to the Class under Rule 23(e)(1), and schedule a final approval hearing at which the Court will consider final approval of the Settlement, final approval of the plan of allocation, and Class Counsel's motion for fees, costs, and service awards in this action, (ECF No. 82). The terms of Plaintiff's proposed Settlement are set forth in a Joint Stipulation and Settlement Agreement with the accompanying exhibits (the "Agreement").[1]

The Court has considered the Agreement, Plaintiff's Motion for Preliminary Approval of Class Action Settlement and exhibits thereto, and all papers filed in support of the motion and the entire docket in this matter. Having fully considered the matter, pursuant to Federal Rule of Civil Procedure 23(e), it is hereby ORDERED that:

1. **Class Certification for Settlement Purposes Only.** The Court finds that it will likely be able to certify the following Settlement Class for purposes of judgment on the proposed Settlement:

> All owners of universal life (including variable universal life) insurance policies issued in California by American National Insurance Company ("ANICO"), or its predecessors in interest, that provide that cost of insurance rates are determined based on expectations as to future mortality experience, and that were subjected to monthly cost of insurance deductions on or after January 1, 2010.
>
> Excluded from the Settlement Class are: (a) Class Counsel and their employees; ANICO; officers and directors of ANICO, and members of their immediate families; the heirs, successors or assigns of any of the foregoing; (b) the Court, the Court's staff, and their immediate families; and (c) Policyowners who submit a valid and timely Opt-Out request for exclusion.

2. Pursuant to Rule 23(e)(1) of the Federal Rules of Civil Procedure, the Court finds that giving notice is justified. The Court will direct notice to Settlement Class Members, as specified below, because it finds that it likely will be able to approve the proposed Settlement as fair, reasonable, and adequate. The Court also finds that: (i) the Settlement Class is so numerous that joinder is impracticable; (ii) Plaintiff's claim presents common issues that are typical of the

---

[1] All defined terms have the same meaning as set forth in the Agreement, which is attached to the Declaration of Steven Sklaver as Exhibit 2 to Plaintiff's Preliminary Approval Motion, (ECF No. 82-2 at 25).

1  Class; (iii) Plaintiff and Class Counsel will fairly and adequately represent the Class; and (iv)
2  common issues predominate over any individual issues affecting the Settlement Class Members.
3  The Court further finds that Plaintiff's interests are aligned with the interests of all other Settlement
4  Class Members. The Court also finds that resolution of this action on a class basis for purposes of
5  the Settlement is superior to other means of resolution.

6        3.  **Preliminary Settlement Approval.**  The Court preliminarily approves the
7  Settlement as set forth in the Agreement, including the releases contained therein, and the proposed
8  Plan of Allocation described in Exhibit 4 to the Sklaver Declaration, because the Court likely will
9  be able to find that the Settlement is fair, reasonable, and adequate under Rule 23(e)(2). The Court's
10 preliminary approval is subject to the right of any Settlement Class Member to challenge the
11 fairness, reasonableness, or adequacy of the Agreement and to show cause, if any exists, why a
12 final judgment dismissing the Action against ANICO, and ordering the release of the Released
13 Claims against the Released Parties, should not be entered after due and adequate notice to the
14 Settlement Class as set forth in the Agreement and after a hearing on final approval.

15       4.  The Court finds that the Agreement was entered into at arm's length by highly
16 experienced counsel with the assistance of former United States District Court Judge Vaughn
17 Walker and is sufficiently within the range of reasonableness that notice of the Agreement should
18 be given as provided in the Agreement. The case was thoroughly litigated by experienced counsel
19 and settled after briefing and arguing a case-dispositive motion, conducting extensive discovery,
20 and attending two separate mediations.

21       5.  **Settlement Class Representative and Settlement Class Counsel.**  The Court
22 preliminarily finds that Plaintiff Joe S. Yearby satisfies the requirements of Rule 23(e)(2)(A) and
23 therefore appoints him to serve as Settlement Class Representative. Additionally, the Court
24 preliminarily finds that Susman Godfrey L.L.P. satisfies the requirements of Rule 23(e)(2)(A) and
25 is appointed as Class Counsel pursuant to Rule 23(g).

26       6.  **Settlement Administrator.**  The Court appoints JND Legal Administration LLC
27 ("JND") as the Settlement Administrator, with responsibility for class notice and claims
28 administration. The Settlement Administrator is directed to perform all tasks the Agreement

1  requires. The Settlement Administrator's fees will be paid from the Settlement Fund as they become
2  due as set forth in the Agreement.

3        7.    **Notice.**  Pursuant to Rule 23(e)(1)(B), the Court directs that notice be provided to
4  class members and approves the proposed method for providing notice set forth in the Agreement,
5  as well as by email to class members whose email addresses are in ANICO's possession, and the
6  forms of Class Notice attached as Exhibits A and B to Plaintiff's Supplemental Brief in Support of
7  Motion for Preliminary Approval, as corrected, (ECF No. 85), with the addition that Class Notices
8  will contain estimated case expenses. Non-material modifications may be made with approval by
9  the parties but without further order of the Court. The Settlement Administrator will use search
10 engine optimization to help increase visibility for the Class Notice website.

11       8.    **Findings Concerning Notice.**  The Court finds that the proposed form, content, and
12 method of giving notice to the Settlement Class as described in the Agreement and exhibits: a)
13 constitute the best practicable notice to the Settlement Class; b) are reasonably calculated, under
14 the circumstances, to apprise Settlement Class Members of the pendency of the action, the terms
15 of the Settlement, and their rights under the Settlement; c) are reasonable, and constitute due,
16 adequate, and sufficient notice to Settlement Class Members; and d) comply fully with the
17 requirements of Rule 23(c) and (e), and the due process requirements of the United States
18 Constitution.

19       9.    **Class Action Fairness Act Notice.**  Within 10 days after the filing of the Motion
20 for Preliminary Approval of the Settlement, American National Insurance Company shall serve a
21 notice of the proposed Settlement on appropriate officials in compliance with the requirements of
22 the Class Action Fairness Act, 28 U.S.C. § 1715. The cost of any CAFA notice is the sole
23 responsibility of American National and will not be paid from the Final Settlement Fund.

24       10.    **Exclusion from Class.**  Any Settlement Class Member who wishes to be excluded
25 from the Settlement Class must mail a written request for exclusion to the Settlement Administrator
26 at the address and in the manner provided in the Class Notice. Such Requests for Exclusion must
27 meet the opt-out deadline established by this Order and stated in the Notice.

28

[PROPOSED] PRELIMINARY APPROVAL ORDER
Case No. 3:20-cv-09222-EMC
4

11.     Settlement Class Members that own multiple Policies in their own name or on behalf of different principals (including as a securities intermediary or trustee) may stay in the Settlement Class as to some Policies and opt-out of the Settlement Class for other Policies.

12.     Any Settlement Class Member that does not file a timely and proper written request for exclusion will be bound by all subsequent proceedings, orders, and judgments in the Action. Class Counsel shall file a list reflecting all valid Opt-Outs with the Court prior to the Fairness Hearing.

13.     **Objections and Appearances.**  Any Settlement Class Member that has not filed a timely and proper written request for exclusion and that wishes to file a written objection to the fairness, reasonableness, or adequacy of the proposed Settlement must file with the Court a written statement of objection no later than 45 days after the deadline for the Settlement Administrator to mail the Class Notice. Each such statement of objection must contain:  (1) the full name, address, telephone number, and email address, if any, of the Settlement Class Member; (2) Policy number; (3) a written statement of all grounds for the objection accompanied by any legal support for the objection (if any); (4) copies of any papers, briefs, or other documents upon which the objection is based; (5) a list of all persons who will be called to testify in support of the objection (if any); (6) a statement of whether the Settlement Class Member intends to appear at the Fairness Hearing; (7) the signature of the Settlement Class Member or his/her counsel; and (8) the case number and case name. If an objecting Settlement Class Member intends to appear at the Fairness Hearing through counsel, the written objection must also state the identity of all attorneys representing the objecting Settlement Class Member who will appear at the Settlement Hearing.  Unless otherwise ordered by the Court, Settlement Class Members who do not timely make their objections as provided in this Paragraph will be deemed to have waived all objections and shall not be heard or have the right to appeal approval of the Settlement.  The Class Notice shall advise Settlement Class Members of their right to object and the manner required to do so.

14.     **Fairness Hearing.**  The Court hereby schedules a Final Fairness Hearing to occur on November 2, 2023 at 1:30 PM before the Honorable Edward Chen in Courtroom No. 5 – 17th Floor, United States District Court, Northern District of California, 450 Golden Gate Avenue, San

1    Francisco, CA 94102, to determine, among other things, whether (i) the proposed Settlement as set forth in the Agreement, should be finally approved as fair, reasonable, and adequate pursuant to the Federal Rule of Civil Procedure 23(e); (ii) the Settlement Class shall be certified for purposes of judgment on the proposal; (iii) an order approving the Agreement and a Final Judgment should be entered; (iv) an order approving the proposed Plan of Allocation; (v) Settlement Class Members and ANICO should be bound by the releases in the Agreement; and (vi) the application of Class Counsel for an award of attorneys' fees, expense reimbursements, and incentive awards ("Fee and Expense Request") in this matter should be approved.

15.    Plaintiff's motion for final approval of the settlement must be filed by October 13, 2023. Any reply brief in support of a motion for final approval must be filed by October 26, 2023.

16.    All papers in support of any Fee and Expense Request shall be filed by August 25, 2023.

17.    **Use of Order.**  Neither this Order, the Agreement, the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Agreement or Settlement is or may be construed or used as an admission or evidence of (i) the validity of any claims, alleged wrongdoing or liability of ANICO or (ii) any fault or omission of ANICO in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.

18.    Neither this Order, the Agreement, the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Settlement is or may be used as an admission or evidence that Plaintiff's claims lack merit in any proceeding.

19.    **Termination of Settlement.**  This Order shall become null and void and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before the Court entered this Order, if: a) the Settlement is not finally approved by the Court or is terminated in accordance with the Settlement Agreement; or b) there is no Effective Date. In such event, the Settlement and Agreement shall be null and void and be of no further force and effect, and neither the Agreement nor the Court's orders relating to the Settlement, including this Order, shall be used or referred to for any purpose.

20. **Schedule and Deadlines.** The Court orders the following schedule of dates for the specified actions/further proceedings:

| Event | Date |
|---|---|
| Deadline for ANICO to provide Class Member addresses to settlement administrator | August 18, 2023 |
| Deadline to send notice to Class Members | August 25, 2023 |
| Deadline to file motion for award of attorneys' fees, expenses, and service awards | August 25, 2023 |
| Deadline to file proof of mailing | September 11, 2023 |
| Opt-out and Objection Deadline | October 10, 2023 |
| Deadline to file motion for final approval | October 13, 2023 |
| Deadline to serve any reply brief in support of any motion | October 26, 2023 |
| Final Approval Hearing | November 2, 2023 |

For the reasons set forth above, the Court **GRANTS** Plaintiff's motion.

**IT IS SO ORDERED.**

Dated: 8/11/2023

_____
Edward M. Chen
UNITED STATES DISTRICT JUDGE