Steven G. Sklaver (237612)
ssklaver@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, 14th Floor
Los Angeles, California 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150

Seth Ard (*pro hac vice*)
sard@susmangodfrey.com
Ryan Kirkpatrick (243824)
rkirkpatrick@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas, 32nd Floor
New York, New York 10019
Telephone: (212) 336-8330
Facsimile: (212) 336-8340

Kevin Downs (331993)
kdowns@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

*Attorneys for Plaintiff and the Class*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| JOE S. YEARBY, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN NATIONAL INSURANCE COMPANY,<br><br>Defendant. | Case No. 3:20-cv-09222-EMC<br><br>[~~PROPOSED~~] **ORDER APPROVING CLASS ACTION SETTLEMENT** |

1    Before the Court is Plaintiff's unopposed motion to certify a settlement class, grant final approval of a proposed class action settlement, and enter final judgment in this action (Plaintiff's Motion") (Dkt. 95). The terms of Plaintiff's proposed Settlement are set forth in a Joint Stipulation and Settlement Agreement with the accompanying exhibits (the "Agreement").[1]

On August 11, 2023, the Court granted preliminary approval of the proposed Settlement (the "Preliminary Approval Order"). (Dkt. 89). Among other things, the Preliminary Approval Order directed that notice be provided to class members and approved the proposed method for providing notice.

The Court has considered the Agreement, Plaintiff's Motion, and all papers filed in support of the motion and the entire docket in this matter. Having fully considered the matter, pursuant to Federal Rule of Civil Procedure 23(e), Plaintiff's Motion is GRANTED as follows:

1.    **Class Certification for Settlement Purposes Only.**  The Court reaffirms its earlier findings that class certification is appropriate for settlement purposes and hereby certifies the following Settlement Class for purposes of judgment on the proposed Settlement:

> All owners of universal life (including variable universal life) insurance policies issued in California by American National Insurance Company ("ANICO"), or its predecessors in interest, that provide that cost of insurance rates are determined based on expectations as to future mortality experience, and that were subjected to monthly cost of insurance deductions on or after January 1, 2010.
>
> Excluded from the Settlement Class are: (a) Class Counsel and their employees; ANICO; officers and directors of ANICO, and members of their immediate families; the heirs, successors or assigns of any of the foregoing; (b) the Court, the Court's staff, and their immediate families; and (c) Policyowners who submit a valid and timely Opt-Out request for exclusion.

2.    **Final Settlement Approval.**  The Court fully and finally approves the Settlement as set forth in the Agreement, including the releases contained therein, and the proposed Plan of Allocation, (Dkt. 82-2 at 78) because its terms are fair, reasonable, and adequate under Rule 23. The Court makes final its preliminary findings that, for purposes of settlement only, the Settlement satisfies the applicable prerequisites for class treatment under Rule 23.

---

[1] All defined terms have the same meaning as set forth in the Agreement, which is attached to the Declaration of Steven Sklaver as Exhibit 2 to Plaintiff's Preliminary Approval Motion, (Dkt. No. 82-2 at 25).

3.   In reaching this conclusion, the Court considered the complexity, expense, and duration of the litigation, the Settlement Class's reaction to the Settlement, and the result achieved. The Court finds that the Agreement was entered into at arm's length by highly experienced counsel with the assistance of former United States District Judge Vaughn Walker.

4.   The Settlement provides substantial cash payments to Settlement Class Members, and valuable non-monetary relief. The Settlement value is well within a range of reasonableness. The case was thoroughly litigated by experienced counsel and settled after briefing and arguing a case-dispositive motion, conducting extensive discovery, and attending two separate mediations. In addition, no objections to the Settlement or the plan of distribution were received or timely filed, and only two opt-out requests were received for the following five policies: UL007632, U0280852, U0281523, U0281524, and U0281525.

5.   **Releases.**  Upon the Final Settlement Date, all of the Releasing Parties shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims (including Unknown Claims) as against the Released Parties.

6.   **Class Notice.**  The Preliminary Approval Order authorized the form, content, and method by which the Class Plaintiff would provide notice to the Class. Proof that Class Notice complied with the Preliminary Approval Order has been filed with the Court. (Dkt. 92).

7.   The Court finds that the Settlement Administrator completed the delivery of the Class Notice to Settlement Class Members according to the Agreement's terms. The Class Notice complied in all respects with the requirements of Rule 23 and the due process requirements of the United States Constitution and provided due and adequate notice to the Settlement Class. Through the mailing of the Class Notice in the form and manner ordered by this Court and e-mail of the Class Notice to the members of the Settlement Class for whom ANICO provided contact information to the Settlement Administrator and establishment of the settlement website, the Settlement Class has received the best practicable notice of the pendency of this Action, of the Settlement, of the Fairness Hearing, and of Settlement Class Members' rights and options, including their rights to opt out, to object to the Settlement, and/or to appear at the Fairness Hearing

in support of a properly submitted objection, and of the binding effect of the orders and Judgment in this Action on all Settlement Class Members.

8. **Class Action Fairness Act Notice.** The Court finds that all notices and requirements of the Class Action Fairness Act ("CAFA") have been satisfied. The Attorney General of the United States and appropriate state officials have received notice of the Agreement in accordance with the terms of CAFA, 28 U.S.C. § 1715(b). No written objection or response to the Settlement was filed by any federal or state official, including any recipient of the foregoing notices. No federal or state official, including any recipient of the foregoing notices, appeared or requested to appear at the Fairness Hearing.

9. **Implementation of Settlement.** The Parties are directed to implement the Settlement according to the Agreement's terms.

10. Pursuant to the Agreement, the Court retains jurisdiction for the limited purpose of addressing any issues that arise in the administration and enforcement of the Agreement.

11. This Order shall become effective immediately.

For the reasons set forth above, the Court **GRANTS** Plaintiff's motion.

**IT IS SO ORDERED.**

Dated: _____11/3/2023_____

_____
Edward M.
UNITED STATES DISTRICT JUDGE

IT IS SO ORDERED
Judge Edward M. Chen